**Vanessa RIVERA, as an individual and on behalf of all employees similarly situated, Plaintiff-Appellee,**

v.

**UHS OF DELAWARE, INC., DBA Universal Health Services of Delaware, Inc., Defendant-Appellant.**

**No. 15-56972**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2017 * Pasadena, California

Filed December 1, 2017

Joseph Antonelli, Esquire, Attorney, Janelle C. Carney, Esquire, Attorney, Law

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Office of Joseph Antonelli, Chino Hills, CA, Sahag Majarian, II, Esquire, Attorney, Sahag Majarian II Law Offices, Tarzana, CA, for Plaintiff-Appellee

Khatereh Sage Fahimi, Esquire, Attorney, Christina H. Hayes, Stacey Eileen James, Esquire, Attorney, Littler Mendelson, P.C., San Diego, CA, for Defendant-Appellant

Before: NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,\*\* District Judge.

MEMORANDUM \*\*\*

UHS of Delaware, Inc. appeals the district court's order finding unenforceable a provision in an arbitration agreement that waives representative claims under California's Private Attorney General Act ("PAGA"). Reviewing the order *de novo,* *see Kilgore v. KeyBank, Nat'l Ass'n,* 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) (citation omitted), we affirm.[1]

UHS argues that *DirecTV, Inc. v. Imburgia,* —— U.S. ——, 136 S.Ct. 463, 193 L.Ed.2d 365 (2015), abrogated *Sakkab v. Luxottica Retail North America, Inc.,* 803 F.3d 425 (9th Cir. 2015), and *Iskanian v. CLS Transportation Los Angeles,* LLC, 59 Cal. 4th 348, 173 Cal.Rptr.3d 289, 327 P.3d 129 (2014), and therefore the district court's reliance on *Sakkab* and *Iskanian* was erroneous. We disagree and conclude that *Imburgia* is not clearly irreconcilable with *Sakkab* or *Iskanian. See Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Imburgia* simply held that a California court failed to place arbitration

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Because we affirm, we deny Appellee Vanessa Rivera's motion for summary affirmance as moot.

contracts "on equal footing with all other contracts" when it interpreted a choice-of-law provision in an arbitration agreement. 136 S.Ct. at 468–71 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)). *Sakkab* and *Iskanian*, in contrast, directly addressed the validity of PAGA waivers in arbitration agreements under state and federal law. *Sakkab*, 803 F.3d at 431–40; *Iskanian*, 59 Cal. 4th at 378–89, 173 Cal.Rptr.3d 289, 327 P.3d 129. Therefore, neither case is undermined by *Imburgia*.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.